IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
DEC 3 - 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:10-MJ - 868 |
| | ) | |
| JUAN PEREZ | ) | |
| a/k/a "Pablo Antonio Martinez" | ) | |
| Defendant. | ) | |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Timothy Hancox, being duly sworn, depose and state:

1. I am a Deportation Officer with U.S. Immigration and Customs Enforcement ("ICE") in Fairfax, Virginia. I have been employed with ICE since May of 2007. During that time I have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

3. This affidavit is submitted in support of a criminal complaint charging JUAN PEREZ (also known as "Pablo Antonio Martinez"; hereafter referred to as PEREZ) with being found in the United States, after being denied admission, excluded, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, subsequent to a conviction for commission of an aggravated felony, in violation of Title 8, United States

Code, Sections 1326(a) and (b)(2). This affidavit is also submitted in support of an arrest warrant.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in immigration investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the United States.

5. On or about July 31, 2010, ICE, located in Lorton, VA, received information from the Arlington County Jail ("Jail"), located in Arlington, VA, which is in the Eastern District of Virginia, that PEREZ, a native and citizen of El Salvador, was being detained at the Jail. On or about July 31, 2010, an ICE Immigration Enforcement Agent ("IEA") issued a detainer to the Jail for PEREZ.

6. On or about November 3, 2010, PEREZ was released from the custody of the Jail. He was transferred to ICE custody, pursuant to a detainer.

7. On November 3, 2010, PEREZ was interviewed by IEA Eray Biber at the U.S. Immigration and Customs Enforcement Office, Office of Detention and Removal Operations, Washington Field Office in Fairfax, Virginia. After being advised of IEA Biber's identity and being given his Miranda rights in Spanish, PEREZ invoked his right to remain silent.

8. PEREZ was fingerprinted on November 3, 2010. Those fingerprints were then processed through an ICE computer system called IDENT which contains fingerprint records of known and

previously deported aliens. This system is also integrated with the criminal records maintained by the FBI and is commonly referred to as IAFIS. Searches through these systems revealed positive matches to PEREZ associated to FBI number 4784PB4, Alien Registration File number A-077-041-802 and Virginia State Criminal Identification Number VA1309254P. Additionally, photographic images of PEREZ were returned which indicated that he had been previously apprehended by U.S. Department of Homeland Security enforcement agents.

9. November 3, 2010, I conducted a search of documents from PEREZ's immigration file (also known as an alien file). Record checks revealed PEREZ's following information:

   a) that his true and correct mane is Juan PEREZ;

   b) that he is a citizen and national of El Salvador;

   c) that he was born on November 18, 1973 in El Salvador;

   d) that he was previously removed from the United States; and

   e) that he did not receive permission of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States after being removed.

Record checks show that PEREZ was ordered removed from the United States on January 27, 2005 by a designated Immigration Official. The file contained an Immigration form I-205, Warrant of Removal/ Deportation from his removal on February 24, 2005 from Harlingen, Texas, under Alien Registration Number A-077-041-802, which bears the photograph, fingerprint and signature of PEREZ. The file also contained Immigration form I-294, Warning to Alien Ordered Deported/Removed, which indicated that PEREZ was removed as an aggravated felon and prohibited from reentering the United States at any time.

10. On November 22, 2010, copies of PEREZ's fingerprints taken prior to his previous removal, the fingerprint contained on the I-205, the fingerprint contained on the I-294 and those fingerprints taken on November 3, 2010 were submitted to the FBI Special Processing Center for comparison. On November 22, 2010, the FBI responded that four of eight fingerprints to include Immigration form I-205 executed on February 24, 2005 are identical to one another and were a positive match to FBI number 4784PB4. Four of eight fingerprints are too poor in quality to compare.

11. Documents contained in PEREZ's file revealed that he had previously been convicted of a crime that meets the definition of aggravated felony, to wit: Aggravated Sexual Battery, in the Fairfax County Virginia Circuit Court, in violation of Virginia Code 18.2-67.3, on February 23, 2001. PEREZ was sentenced to a term of imprisonment of ten years.

12. PEREZ's alien file and immigration indices indicates that PEREZ does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States legally and that he has neither sought nor obtained permission from the Attorney General or the Secretary of Homeland Security to reenter the United States after removal.

13. Based the foregoing, I submit that there is probable cause to believe that on or about July 31, 2010, in Arlington County, within the Eastern District of Virginia, the defendant Juan PEREZ, having been removed from the United States on or about February 24, 2005, after having been convicted of an "aggravated felony," as defined in 8 U.S.C. Section 1101(a)(43), was found in the United States without having obtained the

express consent of the Attorney General of the United States or of his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States, in violation of Title 8 United States Code, Section 1326(a) & (b)(2).

Timothy Hancox
Deportation Officer
Immigration and Customs Enforcement

Sworn to and subscribed before me on the 3rd day of December, 2010, in Alexandria, Virginia.

/s/Thomas Rawles Jones, Jr.
_____
T. Rawles Jones, Jr.
United States Magistrate Judge